**WESTERN CONTRACTING CORPORATION, a corporation, to the Use of Employers Mutual Liability Insurance Company of Wisconsin, a corporation, Appellant,**

v.

**POWER ENGINEERING COMPANY, Inc., Appellee.**

**No. 10568.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 3, 1966.

Decided Dec. 5, 1966.

John C. Duncan, III, Washington, D. C. (John A. Beck, Washington, D. C., on brief) for appellant.

Norbert J. Heubusch, Arlington, Va., for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

The efficacy of the indemnification clause contained in the subcontract of Power Engineering Company, Inc. with Western Contracting Corporation, a prime contractor for a United States Government project, is in question here. The issue is made by the District Court's denial of indemnity to Western's insurance carrier for workmen's compensation it had paid to Western's employees allegedly injured by Power's employees. As use-plaintiff suing in the name of Western, the insurer appeals and we think it should prevail.

Dulles International Airport at Chantilly, Virginia, was built by the Government under a contract with Western, which subcontracted certain of the electrical work to Power on February 5, 1960. Both Western and Power complied with the requirements of the Virginia Workmen's Compensation Act, 1950 Code § 65–1 et seq., in providing compensation insurance for its employees. Employers Mutual Liability Insurance Company of Wisconsin carried Western's insurance.

On June 13, 1961 while both the prime contractor and subcontractor were thus insured, two of Western's workers were hurt, purportedly through the act or omission of Power's employee or employees. Whereupon, pursuant to the Virginia statute Employers became liable for, and paid the injured men, compensation from the date of the injury, one until October 10, 1961 and the other until February 17, 1964. Employers then by general law and the statute became subrogated to any right of recovery vested in Western. Brighthope Ry. v. Rogers, 76 Va. 443 (1881); Phenix Fire Ins. Co. v. Virginia-Western Pow-

er Co., 81 W.Va. 298, 94 S.E. 372, 373 (1917); Va.Code § 65–108.

This action, removed to the Federal court, claimed reimbursement of the compensation paid by Employers to the injured men, as well as attorney's fees and costs of the suit. It was predicated on the following provision of the subcontract:

"Section 8. The Subcontractor further specifically obligates himself to the Prime Contractor in the following respects, to-wit: * * * (b) To indemnify the Prime Contractor against and save him harmless from any and all claims, suits, or liability for injuries to property, injuries to persons, including death, and from any other claims, suits, or liability on account of any act or omission of the Subcontractor or any of his officers, agents, employees, or servants. * * *"

■■ The District Judge sustained defendant's motion to dismiss. Clearly, he was quite right insofar as the ruling embodied a construction of the Virginia statute. Under the Act an injured employee has no right of action against a subcontractor of his employer or the subcontractor's offending servants. § 65–37. His sole relief is the workmen's compensation provided by his employer. Nor may the employer, or its insurance carrier as subrogee, after payment of the statutory compensation, hold the subcontractor or its servants in damages, as the employer and the carrier have no greater rights than the injured employee. §§ 65–38 and 65–108. In these conclusions the District Judge is fortified by the critical interpretation of the Virginia law by Judge Soper in Doane v. E. I. du Pont de Nemours & Co., 209 F.2d 921, 924 (4 Cir. 1954).

■ Our only disagreement with the District Judge is in his belief that the indemnity clause did not have an independent and superadded effectiveness beyond the statute. This obligation was, of course, altogether contractual and voluntary, and while not imposed by the Virginia Act, it seems altogether legitimate.

Cf. Bristow v. Safway Steel Products, 327 F.2d 608, 611 (4 Cir. 1964). We are not pointed to any section of this legislation or to a public policy outlawing the stipulation. Certainly § 65–26 does not do so, as Power urges, for it only forbids any agreement which "in any manner" relieves an employer of his duty under the Act.

The clause in question is widely framed, embracing "all claims * * * or liability for * * * injuries to persons. * * *" Besides, it includes *"any* other claims" traceable to Power. Surely it encompasses Western's statutory compensation responsibilities. A broader compass could not be easily phrased.

Furthermore, read in its verbal environs, the clause clearly comprehends Western's accountability to its employees. The descriptive phrase is "injuries to persons". We think "persons" here embraces employees. In the preceding section of the subcontract, the parties with precision excluded employees from the category of persons. The omission to do so in the clause in suit is persuasive that employees were intended to be within its designation "persons".

■ Contrary to Power's contention, Employers has here declared in contract, not on a tort arising from Power's alleged act or omission. Consequently, the 5-year Virginia limitation on contract actions, § 8–13, and not her 2-year personal injury limitation, § 8–24, controls. Even if the right of action accrued as early as the date of the injuries, June 13, 1961, this suit commenced on June 17, 1964 is not too tardy.

■■ The judgment of the District Court must be reversed and the action remanded, with costs to the appellant. As this case has been decided throughout on Power's motion to dismiss, upon remand it should be heard on any traverses of fact Power may interpose, if it be advised to answer. On brief here, Power refused to admit that it caused the injuries to the two Western employees compensated by Employers. Under the

further provisions of the subcontract Western, or Employers as subrogee, is entitled to recover its attorney's fees in the prosecution of this action. Therefore, if Western ultimately succeeds, then the District Court should also allow reasonable counsel fees to Western or Employers for all of its litigation of this case.

Reversed and remanded.