OCEAN DRILLING & EXPLORATION
COMPANY et al., Appellants,

v.

BERRY BROTHERS OILFIELD SERV-
ICE, INC., Appellee.

OCEAN DRILLING & EXPLORATION
COMPANY, Appellant,

v.

BERRY BROTHERS OILFIELD SERV-
ICE, INC., Appellee.

Nos. 23421, 23422.

United States Court of Appeals
Fifth Circuit.

May 10, 1967.

George B. Matthews, Thomas W. Thorne, Jr., New Orleans La., for Ocean Drilling & Exploration Co., J. A. O'Conner and Lemle & Kelleher, New Orleans, La., of counsel.

John A. Bernard, Lafayette, La., for Berry Brothers Oilfield Service, Inc., Davidson, Meaux, Onebane & Donohoe, Lafayette, La., of counsel.

Before GEWIN, THORNBERRY and DYER, Circuit Judges.

THORNBERRY, Circuit Judge.

In this consolidated appeal, Ocean Drilling & Exploration Company (ODECO) challenges the District Court's dismissal of its third-party complaints for indemnity against Berry Brothers Oilfield Service, Inc. (Berry Bros.), a repair contractor, in separate actions instituted against ODECO by two employees of Berry Bros. for injuries sustained in the course of performing repairs on a stationary offshore plaform owned by ODECO. As advanced by ODECO, the critical issue on this appeal is whether under the facts ODECO may invoke the *Ryan* doctrine [1] in order to obligate Berry Bros. to indemnify ODECO for any amounts it might be required to pay the injured claimants because of Berry Bros.' alleged breach of its implied warranty of workmanlike service. Convinced after careful scrutiny of the record that the *Ryan* doctrine cannot be properly extended to the facts of this controversy, we affirm.

On or about March 8, 1964, ODECO engaged Berry Bros., a professional rig service contractor, to perform welding and repair services on a certain tank located on a fixed, unmanned platform resting in the Gulf of Mexico over thirty miles off the Louisiana coastline. In the course of such repairs the tank exploded, resulting in injuries to Butler and Fagan, two members of Berry Bros.' repair crew. Each brought suit against ODECO under substantially identical complaints charging ODECO with negligence in failing to furnish a safe place to work and in failing to insure that the tank was free from explosive fumes. ODECO denied liability in each action and filed third-party complaints against Berry Bros. alleging that the explosion and resultant injuries had occurred in whole or in part from the failure of Berry Bros. to perform its repair contract in a reasonable and workmanlike manner. Alternatively, ODECO asserted that if the injuries were, in fact, due to any fault on its part, such fault was purely passive or technical, the injuries having been proximately caused by the active, primary negligence of Berry Bros. The District Court entered judgments sustaining Berry Bros.' motions to dismiss the third-party complaints pursuant to Rule 54(b), thus giving rise to the instant consolidated appeal.

In *Ryan*, it was established that a stevedoring contractor who enters into a services agreement with a shipowner is liable to indemnify the shipowner for any damages sustained as a result of the stevedore's breach of its warranty of workmanlike service. That case, as well as subsequent decisions, made it clear that such right to indemnification is strictly contractual in nature, existing entirely independently of tort theories based upon concepts of "active-passive" and "primary-secondary" negligence. Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., 1964, 376 U.S. 315, 319–320, 84 S.Ct. 748, 751–752, 11 L.Ed.2d 732; Weyerhaeuser S.S. Corp. v. Nacirema Operating Co., 1958, 355 U.S. 563, 569, 78 S.Ct. 438, 442, 2 L.Ed. 2d 491; Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., supra note 1, 350 U. S. at 133–134, 76 S.Ct. at 237–238. The reasons underlying the establishment of this doctrine of contractual liability were discussed by the Supreme Court in *Italia:*

Where the shipowner is liable to the employees of the stevedore company as well as its employees for failing to

---

1. Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133.

supply a vessel and equipment free of defects, *regardless of negligence,* we do not think it unfair or unwise to require the stevedore to indemnify the shipowner for damages sustained as a result of injury-producing defective equipments supplied by a stevedore in furtherance of its contractual obligations. * * *

Both sides press upon us their interpretations of the law in regard to the scope of warranties in nonsales contracts, such as contracts of bailment and service agreements. But we deal here with a suit for indemnification based upon a maritime contract, governed by federal law * * *, *in an area where rather special rules governing the obligations and liability of shipowners prevail, rules that are designed to minimize the hazards encountered by seamen, to compensate seamen for the accidents that inevitably occur,* and to minimize the likelihood of such accidents.

376 U.S. at 324, 84 S.Ct. at 754. (Emphasis added.) While freely implementing this contractual obligation of the stevedore to indemnify the shipowner in accordance with the liberal spirit of *Ryan,*[2] we have hesitated, however, to extend it beyond those controversies involving the "special rules governing the obligations and liability of shipowners" which necessitated its formulation and justify its application.[3] Without attempting to define all of the possible limitations that might properly be placed upon its scope, it is sufficient to state that we are likewise unable to discover any compelling reason to justify the extension of that shipowner-stevedore originated rule to the facts of this controversy.

█ In its third-party complaint ODECO admits that the platform on which the injuries occurred was a "fixed unmanned structure." Clearly not designed to float on water, see Offshore Co. v. Robison, 5th Cir. 1959, 266 F.2d 769, 779, 75 A.L.R.2d 1296, such permanent structure is not a vessel and the injured employees do not therefore fall within the definition of seamen. Dronet v. Reading & Bates Offshore Drilling Co., 5th Cir. 1966, 367 F.2d 150; Texas Co. v. Savoie, 5th Cir. 1957, 240 F.2d 674, cert. denied, 355 U.S. 840, 78 S.Ct. 49, 2 L.Ed.2d 51; Sirmons v. Baxter Drilling, Inc., W.D.La.1965, 239 F.Supp. 348. The injured employees are thus not entitled to the warranty of seaworthiness and must rely solely upon the establishment of some independent act of negligence on the part of ODECO as a basis for recovery. This controversy therefore appears to involve none of the factors calling for the application of those special rules governing the obligations and liability of shipowners to seamen. The claims against ODECO are based purely and simply on tort principles, see Pure Oil Co. v. Snipes, 5th Cir. 1961, 293 F.2d 60, and cannot be properly viewed as involving any breach by Berry Bros. of an implied warranty of workmanlike service.

██ Having concluded that ODECO is not entitled to seek contractual indemnity from Berry Bros. under the *Ryan* doctrine, we are left with the issue of whether a claim for indemnity remains available to ODECO under maritime tort principles.[4] The Supreme Court in *Ryan*

2. E. g., D/S Ove-Skou v. Hebert, 5th Cir. 1966, 365 F.2d 341; United States Lines v. Williams, 5th Cir. 1966, 365 F.2d 332; Smith & Son, Inc. v. Skibs A/S Hassel, 5th Cir. 1966, 362 F.2d 745; Lusich v. Bloomfield S.S. Co., 5th Cir. 1966, 355 F.2d 770; Waterman S.S. Corp. v. David, 5th Cir. 1965, 353 F.2d 660, cert. denied, 1966, 384 U.S. 972, 86 S.Ct. 1863, 16 L.Ed.2d 683; Grace Lines, Inc. v. Port Everglades Terminal Co., 5th Cir. 1963, 324 F.2d 699.

3. See Delta Eng'r Corp. v. Scott, 5th Cir. 1963, 322 F.2d 11, cert. denied, 1964, 377 U.S. 905, 84 S.Ct. 1164, 12 L.Ed.2d 176; Halliburton Co. v. Norton Drilling Co., 5th Cir. 1962, 302 F.2d 431, cert. denied, 1963, 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052.

4. Both parties appear to rely upon indemnity principles arising under state law in urging their respective positions with regard to this issue, but it is clear that federal maritime law, not that of Louisi-

was not called upon to resolve this issue, and expressly declined to do so:

[T]he shipowner's action for indemnity here is not based merely on the ground that the shipowner and contractor each is responsible in some related degree for the tortious stowage of cargo that caused injury * * *. Such an action, brought without reliance upon contractual undertakings, would present the bald question whether the stevedoring contractor or the shipowner, because of their respective responsibilities for the unsafe stowage, should bear the ultimate burden of the injured longshoreman's judgment. That question has been widely discussed elsewhere in terms of the relative responsibilities of the parties for the tort, and those discussions have dealt with concepts of primary and secondary or active and passive tortious conduct. Because respondent in the instant case relies entirely upon petitioner's contractual obligation, we do not meet the question of a noncontractual right of indemnity or of the relation of the Compensation Act to such a right.

350 U.S. at 132–133, 76 S.Ct. at 237; accord, 350 U.S. at 132 n. 6, 76 S.Ct. at 236 n. 6. Even assuming, however, as alleged in the third-party complaint, that any negligence on the part of ODECO was merely passive or secondary in character, we are nevertheless compelled to conclude that ODECO's claim for indemnity, not being based upon the violation of a contractual obligation, must fail under maritime law.[5] Here, the injured claimants were entitled to and did, in fact, receive benefits from Berry Bros. under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §

901 et seq., their injuries having occurred on a platform located above the Outer Continental Shelf in the Gulf of Mexico.[6] Section 5 of that Act expressly states that its compensation provisions are exclusive of any other liability of an employer to its employees:

Sec. 5. The liability of an employer prescribed in section 4 [for compensation] shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependants, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. * *

33 U.S.C. § 905. The obvious purpose of this provision, as made clear by the Supreme Court in *Ryan*

is to make the statutory liability of an employer to contribute to its employee's compensation the exclusive liability *of such employer to its employees, or to anyone* claiming under or through such employee, *on account of his injury or death arising out of that employment.* In return, the employee, and those claiming under or through him, are given a substantial *quid pro quo* in the form of an assured compensation, regardless of fault, as a substitute for their excluded claims.

350 U.S. at 129, 76 S.Ct. at 235. (Emphasis in original). It is thus apparent that the Act's exclusive liability provision effectively abrogates any independent tort liability of the employer to its employees, thereby eliminating any basis which may have existed for indemnification on a tort theory. Thus, while the employer may continue, even in spite of the exclusive liability provision of the

---

ana or any other state, controls this controversy. See Movible Offshore Co. v. Ousley, 5th Cir., 1965, 346 F.2d 870; Pure Oil Co. v. Snipes, supra.

5. The same result, moreover, would obtain were we to construe ODECO's third-party complaint as an attempt to seek contribution from Berry Bros. Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 1952, 342 U.S. 282, 72 S.Ct. 277,

96 L.Ed. 318; accord, Pope & Talbot, Inc. v. Hawn, 1953, 346 U.S. 406, 74 S. Ct. 202, 98 L.Ed. 143.

6. The Outer Continental Shelf Lands Act, 43 U.S.C. § 1333(c), expressly adopts the Longshoremen's and Harbor Workers' Compensation Act as the basis for compensation for the death or disability of an employee.

Act, to remain liable for indemnity on the basis of an express or implied contractual obligation, in the absence of such obligation, as here, there simply exists no underlying tort liability upon which to base a claim for indemnity against the employer. See United Air Lines, Inc. v. Wiener, 9th Cir. 1964, 335 F.2d 379, 402–404, cert. dismissed, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549; Halliburton Co. v. Norton Drilling Co., supra, 302 F.2d at 434; Brown v. American-Hawaiian S.S. Co., 3d Cir. 1954, 211 F.2d 16, 18; American Mut. Liab. Ins. Co. v. Matthews, 2nd Cir. 1951, 182 F.2d 322, 323–336. Accordingly, the judgment of the District Court dismissing the third-party complaints of ODECO against Berry Bros. is

Affirmed.