506 F.2d 1216
 Raymond SANTISTEVEN et al., Plaintiffs,
v.
DOW CHEMICAL COMPANY, a corporation, Defendant-Third Party
Plaintiff-Appellant, v. KENNECOTT COPPER CORP., a
New York Corp., and the Nevada
Industrial Commission, Third
Party Defendants-Appellees.
 No. 73-2639.
 United States Court of Appeals, Ninth Circuit.
 Nov. 14, 1974.
 
 Eugene J. Wait, Jr. (argued), Wait, Shamberger & Georgeson, Reno, Nev., for appellant.
 Roger L. Erickson (argued), Erickson & Thorpe, Reno, Nev., for appellees.
 Before CHOY and SNEED, Circuit Judges, and NEILL,* District judge.
 OPINION
 CHOY, Circuit Judge:
 
 
 1
 Raymond Santisteven, an employee of Kennecott Copper Corp., was seriously injured while using flake caustic soda manufactured by Dow Chemical Company. Workmen's Compensation benefits were paid Santisteven under the Nevada Industrial Insurance Act, Nev.Rev.Stat. 616.010 et seq. He then brought this action against Dow on theories of negligence and products liability based upon alleged mislabeling. Dow impleaded the employer for indemnity, claiming that Kennecott's failures to properly instruct its employee and to provide a safe place to work were the sole proximate causes of the accident. The district court dismissed the third party complaint of Dow, reasoning that the Nevada Industrial Act insulated the employer from all liability except as to an employee under the Act. Dow appeals, and we affirm.
 
 
 2
 The lower court's holding was premised on several provisions of the Act, typical of workmen's compensation statutes, which define the tort immunity an employer receives in return for the levies he must pay to support the more automatic workmen's compensation system. Section 616.270 is the most important and provides, in pertinent part:
 
 
 3
 1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.
 
 
 4
 . . . .s a
 
 
 5
 3. In such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided.
 
 Section 616.265 repeats this theme:
 
 6
 1. No contract of employment, insurance, relief benefit, indemnity, or any other device, shall modify, change or waive any liability created by this chapter. 2. A contract of employment, insurance, relief benefit, indemnity, or any other device, having for its purpose the waiver or modification of the terms or liability created by this chapter shall be void.[1]
 
 
 7
 In approaching a case of this sort, there are normally two distinct questions to answer.[2] First, under what conditions will indemnity be permitted completely aside from any question about the workmen's compensation statute? Always an express contract on indemnity is sufficient,[3] but there is considerable dispute over the availability of indemnity where there is a supposed breach of a quasi-contract duty by a party or where the prospective indemnitor's negligence is markedly more serious than that of the indemnitee (i.e., active vis-a-vis passive negligence).[4] Perhaps because the Nevada decisions on this point are less than clear,[5] the district court did not answer this first question. Instead, it proceeded to the second question: Assuming that the third party defendant is liable at common law for indemnity, is this liability extinguished by the applicable workmen's compensation statute? The second issue is the one posed by this appeal.
 
 
 8
 There are no Nevada cases on the issue. In general there is a substantial division of authority on whether exclusivity clauses immunize employers from third party suits for indemnification.[6] However, most of those jurisdictions which permit indemnification in the face of an exclusivity clause do so on the ground that there has been a breach of an independent duty owed by the third party defendant to the third party plaintiff.[7] Thus the employer is not indirectly being made liable to the employee in violation of the strictures of the workmen's compensation statute. For example, in Blackford v. Sioux City Dressed Pork, Inc., 254 Iowa 845, 118 N.W.2d 559 (1962), the plaintiff, employed by a contractor engaged under a written contract to clean a meat-packer's plant, sued the meat-packer for injuries sustained while cleaning a pork casing machine. The employer was impleaded by the packer on the allegation that it failed to properly instruct the employee as to safety. The court held that the Iowa workmens' compensation statute was not a bar to the action because an agreement to perform the cleaning in a safe manner was implied from the contract.
 
 
 9
 Here, there is no particularized obligation running from Kennecott to Dow. In such a context, the division of authority referred to previously largely disappears; the vast majority of courts have concluded that third party suits are precluded by statutory exclusivity provisions.[8] We think the Nevada courts would follow these cases.
 
 
 10
 Nevertheless, Dow strenuously argues that Kennecott does have an independent duty to avoid subjecting Dow to the risk of tort liability. That, however, turns indemnity on its head.
 
 
 11
 Dow's liability arises because of a breach of a duty it owes to users of its products-- in this instance, a worker. Assumably, Kennecott has also breached a duty owed to the same worker by its negligence. Under Dow's theory, the whole burden of loss would be shifted whenever the employer was negligent in any way because the employer would have failed in its duty to extricate the third party from possible liability. Yet indemnity does not work in that way. In the absence of a specific legal relationship (e.g., master-servant) or contract-type obligation, indemnity is only proper when it is more just to shift the burden of loss-- that is, usually when the indemnitor is somehow more at fault.[9] Indeed, the quasi-contract cases where promises to indemnify are implied rest on the same foundation; underlying the stated and largely fictional contract rationale is the feeling that it is just to shift financial responsibility. What triggers the indemnity, then, is not any abstract duty owed the third party employee;[10] indemnity is allowed because the employer's transgression is more serious than the third party's. But if it is in reality a liability of employer to employee that supports indemnification, that is exactly the type of liability which the Nevada Act extinguishes.[11]
 
 
 12
 A second reason for affirming here is the greater familiarity with Nevada law possessed by Judge Thompson, who sat on this case below. It has been said repeatedly that in predicting the inclination of state courts, we should accord the local judge's opinion considerable weight. E.g., Mesa Oil Co. v. Business Men's Assurance Co., 476 F.2d 491, 494 (9th Cir. 1973); Insurance Co. of North America v. Thompson, 381 F.2d 677, 681 (9th Cir. 1967).
 
 
 13
 Finally, it is usually argued that the major cost of insulating the employer from liability is that it places an undue share of the burden on the shoulders of the third party.[12] This results because the insurer (or employer or, in Nevada, the state commission is normally subrogated to the employee's rights versus the third party to the extent of the workmen's compensation benefits that may have been paid the employee. Consequently, the third party must bear the entire loss, even that portion ordinarily borne by the employer through workmen's compensation and even though the employer's negligence may have played a greater role in bringing about the employee's injuries. That is not true of the Nevada statute as interpreted by the district court. In a portion of the decision not here appealed, the court held that the employee's tort recovery from the third party would be reduced by the amount he received in workmen's compensation benefits. Because some load sharing thereby occurs, the harshest feature ordinarily inhering in the denial of indemnity is eliminated.[13]
 
 
 14
 Affirmed.
 
 
 
 *
 The Honorable Marshall A. Neill, Chief Judge, Eastern Washington, sitting by designation
 
 
 [1]
 See also 616.370 which provides, in part:
 
 
 [1]
 The rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive, except as otherwise provided in this chapter, of all other rights and remedies of the employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury
 
 
 [2]
 See Ryan Stevedoring Co. v. Pan-Atlantic S.S. Co., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Larson, Workmen's Compensation: Third Party's Action Over Against Employer, 65 Nw.L.Rev. 351, 410 (1970)
 
 
 [3]
 E.g., Western Contracting Corp. v. Power Engineering Co., 369 F.2d 933 (4th Cir. 1966); Yearicks v. City of Wildwood, 23 N.J.Super. 379, 92 A.2d 873 (1952); Gibbs v. Carolina Power & Lt. Co., 265 N.C. 459, 144 S.E.2d 393 (1965); 2 A. Larson, Workmen's Compensation 76.41 (1974) (Section 76 of Professor Larson's treatise is substantially the same as his article cited at note 2)
 
 
 [4]
 Compare Suvada v. White Motor Co., 32 Ill.2d 612, 210 N.E.2d 182 (1965) and McDonnell Aircraft Corp. v. Hartmann-Hanks-Walsh Painting Co., 323 S.W.2d 788 (Mo. 1959) with Centraal Stikstof Verkoopkanter N.V. v. Walsh Stevedoring Co., 380 F.2d 523, 528-531 (5th Cir. 1967) and Golden Valley Elec. Ass'n. v. City Elec. Service, Inc., 518 P.2d 651 (Alaska 1974). See generally A. Larson, supra note 3, 76.43(d) at 250.70-.73 and nn. 61-63
 
 
 [5]
 See Wentworth v. Ford Motor Co., 88 Nev. 535, 501 P.2d 1218 (1972); Reid v. Royal Ins. Co., 80 Nev. 137, 390 P.2d 45 (1964)
 
 
 [6]
 Compare Lunderberg v. Bierman, 241 Minn. 349, 63 N.W.2d 355 (1954) and Westchester Lighting Co. v. Westchester Small County Estates Corp., 278 N.Y. 175, 15 N.E.2d 567 (1938) with Hilzer v. MacDonald, 169 Colo. 230, 454 P.2d 928 (1969), and Royal Indem. Co. v. Southern California Petroleum Corp., 67 N.M. 137, 353 P.2d 358 (1960). See generally A. Larson, supra note 3, 76.43(d) at 250.70-.73, 76.44 at 250.78-.83
 
 
 [7]
 See cases cited at A. Larson, supra note 3, 76.43(d) at 250.71 n. 61
 
 
 [8]
 E.g., General Elec. Co. v. Cuban American Nickel Co., 396 F.2d 89 (5th Cir. 1968); United Air Lines, Inc. v. Wiener, 335 F.2d 379, 398-404 (9th Cir.), petition for cert. dismissed, 379 U.S. 951, 85 S.Ct. 452, 13 L.Ed.2d 549 (1964); Bertone v. Turco Products, Inc., 252 F.2d 726 (3d Cir. 1958); Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 215 F.2d 368 (10th Cir. 1954); Slattery v. Marra Bros., 186 F.2d 134 (2d Cir. 1951); Central of Georgia Ry. v. Lester, 118 Ga.App. 794, 165 S.E.2d 587 (1968); Roberts v. American Chain & Cable Co., 259 A.2d 43 (Me.1969); Husted v. Consumers Power Co., 376 Mich. 41, 135 N.W.2d 370 (1965); Hunsucker v. High Point Bending & Chair Co., 237 N.C. 559, 75 S.E.2d 768 (1953); City of Abilene v. Jones, 355 S.W.2d 597 (Tex.Civ.App.1962); A. O. Smith Corp. v. Associated Sales & Bag. Co., 16 Wis.2d 145, 113 N.W.2d 562 (1962). See generally A. Larson, supra note 3, at 76.44
 
 
 [9]
 W. Prosser, Torts 52 at 313 (4th ed. 1971)
 
 
 [10]
 We shall assume that, when indemnitor and indemnitee are both liable to the injured person, it is the law of New Jersey that, regardless of any other relation between them, the difference in gravity of their faults may be great enough to throw the whole loss upon one. We cannot, however, agree that the result is rationally possible except upon the assumption that both parties are liable to the same person for the joint wrong. Slattery v. Marra Bros., 186 F.2d 134, 139 (2d Cir. 1951) (L. Hand, J.)
 
 
 [11]
 See Iowa Power & Lt. Co. v. Abild Construction Co., 259 Iowa 314, 326-327, 144 N.W.2d 303, 310-311 (1966); Hunsucker v. High Point Bending & Chair Co., 237 N.C. 559, 563-564, 75 S.E.2d 768, 771 (1953); Larson, supra note 2, at 419 ('When a purchaser buys a product, however, does he make an implied contract with the manufacturer to use the goods in such a way as not to bring liability upon the manufacturer? This would be stretching the concept of contract out of all relation to reality.')
 
 
 [12]
 Larson, supra note 2, at 352
 
 
 [13]
 Tate v. Superior Court, 213 Cal.App.2d 238, 28 Cal.Rptr. 548 (1963); Hunsucker v. High Point Bending & Chair Co., 237 N.C. 559, 565-566, 75 S.E.2d 768, 773 (1953)