## PAUL THERRIEN *v.* SAFEGUARD MANUFACTURING COMPANY

| SUPERIOR COURT | JUDICIAL DISTRICT OF LITCHFIELD | FILE NO. 24700 |

Memorandum filed June 18, 1979

*Gallicchio & Silvasian,* for the plaintiff.

*Halloran, Sage, Phelon & Hagarty,* for the named defendant, the third party plaintiff.

*Howard, Kohn, Sprague & FitzGerald,* for the third party defendant, Torin Corporation.

Missal, J. The third party defendant has moved to strike the complaint of the third party plaintiff, the named defendant.

After sustaining severe personal injuries, the plaintiff brought this action against the named defendant, the manufacturer of a safety device, which, if it had functioned properly, would have prevented the injury. The named defendant, hereinafter the third party plaintiff, has made a motion to implead the plaintiff's employer, the Torin Corporation, hereinafter the third party defendant. The third party complaint alleges both that the third party defendant, when it bought the safety device from the third party plaintiff, assumed a duty to the third party plaintiff to make sure the device was working properly and that there was an implied promise of indemnification. The third party defendant raises three grounds in its motion to strike the third party complaint. First, it avers that a buyer has no duty to see that a product is working properly, merely by virtue of the sale. Then it points out that Connecticut courts do not allow contribution between joint tortfeasors if one is actively negligent. Finally, it points out that the plaintiff is already collecting workmen's compensation from it and reminds the court that workmen's compensation is the exclusive remedy against an employer.

There are no Connecticut cases dealing with the question whether a buyer of safety equipment has any duty to the seller. In support of its contention that there is no duty, the third party defendant cites *Robinson* v. *International Harvester Co.*, 44 Ill. App. 3d 439. There it was held that an employer assumes no duty to install a safety device when he buys equipment. The court in *Olch* v. *Pacific Press and Shear Co.*, 19 Wash. App. 89, 93–94, agreed: "They assert that the employer-buyer owed to the

third party plaintiffs a duty to operate the machine in a safe manner and to provide the machine with all necessary safeguards or safety devices. It is true that such a duty might exist in the abstract, but it does not run by implication to a machinery manufacturer when an employee is injured by a purchased machine operated by the employee." In the case of *Roy* v. *Star Chopper Co.*, 442 F. Sup. 1010, (D. R.I.), the court analyzed the cases dealing with this question. Although the peculiar circumstances in that case imposed upon the employer a duty to the manufacturer, the court asserted that that is not normally true when no more than a contract of sale is involved. "Star Chopper's indemnity claims based on the Third Party Defendant's alleged failure to warn its employees of the hazards of the machine and any alteration or misuse following delivery are easily dismissed. If the machine was not defective when Star Chopper delivered it and if it was properly marketed, Star Chopper will not be held liable and no claim for indemnity is necessary. The misuse of the machine, if unforeseeable, is a complete defense for Star Chopper to a claim based on any theory. *McClish* v. *Niagara Machine & Tool Works*, 266 F. Supp. 987 (S.D. Ind. 1967). If the misuse or alteration of the machine was foreseeable, Star Chopper may still be liable but the Third Party Defendants have no implied contractual obligation to indemnify. See, e.g., *Kessler* v. *Bowie Machine Works, Inc.*, 501 F.2d 617 (8th Cir., 1974); *Auld* v. *Globe Indemnity Co.*, 220 F. Supp. 96 (W.D. La. 1963); *William H. Field Co., Inc.* v. *Nuroco Woodwork, Inc.*, 115 N.H. 632 . . . (1975). The employer's duty of proper use and care of the machine runs solely to its employees. Liability for breach of that duty has been satisfied by payment of a compensation award. The employer does not have an independent duty running to the manufacturer to use the machinery

so as to avoid imposition of liability upon the manufacturer. The Ninth Circuit viewed the imposition of such a duty as standing 'indemnity on its head.' *Santisteven* v. *Dow Chemical Co.*, 506 F.2d at 1219. In that case, the manufacturer was denied indemnity from the employer for employer's alleged failure to instruct his employee properly and provide a safe place to work. In *Kessler* an employee was injured when he kicked a machine to aid its proper functioning. Although the employer had altered the safety bar to permit it to be moved aside, operators had habitually kicked the machine even prior to its alteration. This kicking action was found to be a foreseeable misuse. Thus, the manufacturer was liable but could not reach the employer, as a 'co-designer,' since he was immunized by the compensation statute. In fact, New York is the only jurisdiction to allow an indemnity claim against an employer for failure to follow precautions on the label, for use of untrained personnel and for failure to air the premises after use of a fumigant, *Dole* v. *Dow Chemical Co.*, 30 N.Y.2d 143 . . . (1972)." *Roy* v. *Star Chopper Co.*, 442 F. Sup. 1010, 1019 (D. R.I.). 2A Larson, Law of Workmen's Compensation, pp. 14-404, 14-405, § 76.44, unequivocally states: "But when a purchaser buys a product, does he make an implied contract with the manufacturer to use the goods in such a way as not to bring liability upon the manufacturer? This would be stretching the concept of contract out of all relation to reality . . . . Clearly certain independent obligations run with the sale from the manufacturer to the buyer. But it seems unlikely that any court would be prepared to hold that an independent *contractual* obligation runs from the buyer to the manufacturer. To do this a court would have to announce the following doctrine: 'Whenever a buyer purchases an article from a manufacturer, the buyer assumes an inde-

pendent *contractual* obligation to the manufacturer not to use the article in such a way as to bring liability upon the manufacturer.' There seems to be no authority for this proposition, and there is considerable authority to the contrary." In the case at bar the third party defendant employer had purchased a safety device. To say he owes the manufacturer a duty to make sure it works properly seems unreasonable.

The second issue deals with contribution among joint tortfeasors. There can be contribution where the actively negligent party was in control of the situation, and the other party had no reason to foresee the negligence. *Preferred Accident Ins. Co.* v. *Musante,* 133 Conn. 536. But in most cases there will be no contribution among joint tortfeasors where one is only passively negligent. *Sparrow* v. *Bromage,* 83 Conn. 27. In *Gomeau* v. *Forrest,* 176 Conn. 523, 528, the Connecticut Supreme Court decided that this rule is still valid: "The substance of the third-party plaintiff's complaint is an allegation of negligence on the part of Matthew's parents which is merely an attempt to recover contribution from a joint tortfeasor in the event all parties are held responsible. Since this is the case, our conclusion that § 52-572h did not abrogate the rule against contribution among joint tortfeasors means that the third-party plaintiffs have no cause of action against the deceased child's parents and is dispositive of this appeal." In the case at bar both companies were negligent and so there should be no contribution.

Finally, workmen's compensation is the exclusive remedy against an employer. General Statutes § 31-284 (a) is perfectly clear: "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee aris-

ing out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows . . . . All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter . . . ." Cases like *A.A. Equipment, Inc.* v. *Farmoil, Inc.,* 31 Conn. Sup. 322, have continually reiterated this rule. The only cases which have allowed impleader of employers as third party defendants are those where the employer had an independent duty to the third party plaintiff. For example, in *Stevens* v. *Polinski,* 32 Conn. Sup. 96, the employer was a tenant of the third party plaintiff. In *Carneiro* v. *Alfred B. King Co.,* 32 Conn. Sup. 210, the employer was impleaded because a bailment was involved. In *Farm Bureau Mutual Auto Ins. Co.* v. *Kohn Bros. Tobacco Co.,* 141 Conn. 539, the court, in effect, said that where the negligence of the operator of a leased vehicle results in imposing a liability on the lessor under statute, and the operator is an employee of the lessee engaged upon his business, the lessee is liable to the lessor for the loss thus caused him. This liability does not arise out of the breach of a duty owed to the injured person but out of the breach of a duty owed to the lessor by virtue of the lessee's relationship to him. If the only relationship between the parties was that of tortfeasors, the employer cannot be impleaded. As was stated in *Ranta* v. *Bethlehem Steel Corporation,* 287 F. Sup. 111, 113 (D. Conn.): "Since Arbor cannot be liable to its employee, Ranta, in tort, it cannot be a joint tortfeasor with Bethlehem and Bethlehem's right to indemnity must fail if it rests solely on the relative culpability of joint tortfeasors." Since there is no

special relationship between the parties in the present case, the third party defendant employer cannot be impleaded.

The motion to strike is sustained. The third party defendant employer had no duty of care with regard to the third party plaintiff manufacturer; there can be no contribution among joint tortfeasors; and workmen's compensation is the exclusive remedy against an employer in the absence of some special relationship.