### Augusto Carneiro *v.* The Alfred B. King Company

Superior Court     New Haven County     File No. 132861

Memorandum filed July 1, 1975

*Greenberg & Costa,* for the plaintiff.

*Gormley & Dwyer,* for the named defendant.

*Shay, DelSole & Thompson,* for the third-party defendant C. W. Blakeslee and Sons, Inc.

DAVID M. SHEA, J. The complaint seeks damages for injury to an employee of C. W. Blakeslee and Sons, Inc. The plaintiff alleges that the defendant The Alfred B. King Company breached an implied warranty of merchantability and fitness in manufacturing the steel bracket which broke during the course of employment, causing bodily injury. King successfully impleaded Blakeslee on the ground that it supplied the steel used by King in manufacturing the alleged defective bracket. King, the third-party plaintiff in the impleader complaint, claims damages for an alleged breach of an implied warranty of merchantability and fitness and for alleged negligence brought about by a failure to inspect and test materials before supplying them to King.

Blakeslee, the third-party defendant, demurs on three grounds: (1) warranties are implied only where there is a contract for sale, and there is no such contract alleged here; (2) the allegations of negligence in paragraph 7 of the complaint merely state a claim for contribution against a joint tortfeasor, contrary to the rule against such contribution; (3) the state Workmen's Compensation Act

(General Statutes, c. 568) disallows indemnification by a party who is also the employer of the plaintiff where, as alleged here, there is no breach of an independent duty running from Blakeslee to King.

In its brief King states that the allegations of negligence, paragraph 7 of the complaint, should be withdrawn. Presumably an amendment will be filed for that purpose, which makes it unnecessary to consider the second ground of the demurrer.

## I

### WARRANTY

King alleges the existence of a bailment agreement. It does not appear that the contract of bailment disallowed an implied warranty of suitability.

There is no law in Connecticut directly addressed to the warranty issue presented in this case. There have been cases involving bailments in which the bailor was held liable in negligence. *Phenning* v. *Silansky,* 144 Conn. 223; *Minicozzi* v. *Atlantic Refining Co.,* 143 Conn. 226; see also *Roy* v. *Friedman Equipment Co.,* 147 Conn. 121; *Stanley* v. *Steele,* 77 Conn. 688.

Other jurisdictions have stated a rule applicable to the case at bar. They have held that the bailor impliedly warrants that the bailed goods are fit for the use for which the bailment is made, at least as against latent unfitness. *Eastern Motor Express, Inc.* v. *A. Maschmeijer, Jr., Inc.,* 247 F.2d 826, cert. denied, 355 U.S. 959; *Hoisting Engine Sales Co.* v. *Hart,* 237 N.Y. 30; *Collette* v. *Page,* 44 R.I. 26.

It is generally held that, in the absence of an agreement to the contrary, the bailor of a chattel to be used by the bailee for a particular purpose known to the bailor impliedly warrants the reasonable suitability of the chattel for the use known to be intended by the bailee. 8 Am. Jur. 2d, Bail-

ments, § 144; note, 48 A.L.R.3d 668, 673. Such a rule should certainly apply to a bailment for mutual benefit of the kind alleged in the third-party complaint, at least where the defect is latent, a circumstance which may be inferred from the nature of the defect claimed.

It is concluded that the contract of bailment alleged will support a cause of action based on breach of an implied warranty of fitness.

## II

### WORKMEN'S COMPENSATION ACT

In the third ground of the demurrer, Blakeslee claims that, as the employer of the plaintiff, who was injured in the course of his employment, it is protected from King's indemnification claim by a provision of the Workmen's Compensation Act, General Statutes § 31-284 (a), which states that "[a]n employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment." In *Farm Bureau Mut. Automobile Ins. Co. v. Kohn Bros. Tobacco Co.,* 141 Conn. 539, an employee who was injured while riding as a passenger in a truck leased to her employer because of the negligence of a fellow employee, the driver, had recovered a judgment against the lessor of the truck by virtue of General Statutes § 14-154a, which makes the lessor equally liable with the operator for damage caused by operation of a leased vehicle. In an action of indemnification the lessor was permitted to recover against the employer despite the claim that the action was barred by the Workmen's Compensation Act. It was found that the employer's liability was based not on breach of any duty owed to the employee but on breach of "an entirely independent and separate duty" owed to the lessor. Id., 544.

"The Workmen's Compensation Act, however, is not a bar to indemnity where such a right can be predicated on some legal relationship between the third party and employer giving rise to a duty on the part of the employer to the third party which is either contractually or tortiously breached." *Ranta v. Bethlehem Steel Corporation,* 287 F. Sup. 111, 113. That rule has been followed in several cases to allow a recovery against the employer by way of indemnification to the tort-feasor who has been held liable to an employee who could not have sued his employer directly. *Crawford v. Pope & Talbot, Inc.,* 206 F.2d 784; *McFall v. Compagnie Maritime Belge,* 304 N.Y. 314, 328; *Westchester Lighting Co. v. Westchester County Small Estates Corporation,* 278 N.Y. 175.

In this case the contract of bailment created "an entirely independent and separate duty" owed to the bailee, i.e. the warranty of fitness of the materials supplied. *Farm Bureau Mut. Automobile Ins. Co. v. Kohn Bros. Tobacco Co.,* supra, 544. The breach of that independent duty is sufficient to overcome the defense based on the Workmen's Compensation Act, General Statutes § 31-284 (a).

The demurrer is overruled.