[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO IMPLEAD CT Page 1486
The defendant, Arthur Industries, Inc. (hereinafter "Arthur"), moves to implead the plaintiff's employer, the Colchester Board of Education (hereinafter "board") and the board's insurer, the Hartford Insurance Group (hereinafter "Hartford") into a product liability action brought by the plaintiff against Arthur.
 I
On January 1, 1990, the plaintiff, Carole D. Shores (hereinafter "Shores"), alleges she was walking on a deck and stairway attached to a portable classroom when she slipped and fell causing various injuries. The deck and classroom were leased to the board by Arthur, a manufacturer and distributor of portable classrooms. At the time of the accident Shores was employed by the board, and the injury arose out of and in the course of her employment. In her complaint, Shores alleges that Arthur is liable and legally responsible for her injuries pursuant to the Product Liability Act, General Statutes 52-572m et seq.
Arthur moved to implead the board and Hartford, and alleges in its third party complaint that:
 (1) On May 23, 1988 the board signed a building lease with Arthur which provided that the board would maintain comprehensive general liability insurance with at least a one million dollar limit and name Arthur as an additional insured;
 (2) Arthur made demand on the board's insurer (Hartford) to appear, defend and/or indemnify Arthur but the insurer has failed to do so.
 (3) On account of the board failing to provide adequate insurance and/or make timely notice of the claim (by Arthur) to its insurer, Arthur may be required to pay a judgment. CT Page 1487
A second count asserted against Hartford alleges that Hartford delivered a certificate of insurance to Arthur naming Arthur as an insured but has failed to respond to Arthur's claim for indemnification.
Shores objects to Arthur's motion to implead the board, and in her memorandum of law she argues that the board is Shore's employer and therefore, pursuant to the exclusive remedy provision of General Statutes 31-284(a) the board is immune from liability to a third party for injuries to its employees. The plaintiff argues that pursuant to General Statutes 52-572r(d) a party immune from suit cannot be impled into a product liability action on a claim of indemnification. The plaintiff concludes that since the board is immune from liability under the Workers' Compensation Act, the board cannot be brought into this product liability action by Shores.
The defendant's memorandum of law in support of its motion to implead argues that the case of Ferryman v. Groton,212 Conn. 138, 146-47 (1989), holds that an action for indemnification against an employer may be maintained where the action is based on an independent contractual relationship. In the instant case, the defendant argues that the lease between Arthur and the board which required the board to make Arthur an insured party provides such an independent contractual basis for the indemnification action. The plaintiff filed a reply memorandum arguing that Ferryman applies only to negligence actions and not to product liability actions.
 II
The impleader statute, General Statutes 52-102a, does not control the disposition of the motion to implead because of the more specific rules for impleading set forth in General Statutes 52-572r(d). "[A] statutory provision that articulates with greater specificity the resolution of a particular controversy is presumed to prevail over a more general provision." State v. Daniels, 207 Conn. 374, 393
(1988).
General Statutes 52-572r(d) provides rules for impleading with greater specificity than the impleader CT Page 1488 statute:
 In any product liability claim for personal injury or death arising out of and in the course of employment . . . brought against any third party, such third party may not maintain any action for indemnity against any person immune from liability.
Therefore, the resolution of the question of whether Arthur can implead the board is dependent on interpretation of this section.
In Ferryman, supra, 144-145, the court cited 2A A. Larson, Workers' Compensation Law 76 for the proposition that:
 When the third-party in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution [or indemnification] is ordinarily denied on the ground that the employer cannot be jointly liable in tort because of the operation of the exclusive-remedy clause [of the Workers' Compensation Act]. But, if the employer can be said to have breached an independent duty toward the third-party or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify or a bailor, or a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a `primary' wrongdoer impliedly promises to indemnify a secondary wrongdoer, the great majority of jurisdictions disallow this claim. CT Page 1489
The holding in Ferryman, which the court appeared to limit in dicta[1] to negligence actions was most recently extended to product liability actions in Thibeault v. Mark Industries, 8 CSCR 27 (November 11, 1992, Dunn, J.). In that case, the court, held that in a product liability action, where a defendant specifically alleges an indemnification claim pursuant to a contract lease provision with the injured plaintiff's employer, the defendant's claim is not barred by the immunity normally conferred under the Workers' Compensation Act. The court's rationale was that the Workers' Compensation Act only bars a third-party's action against an employer when the action is based on a duty that the employer owed to its employee. Id. An employer would not be immune from liability under the Worker's Compensation Act where the action is predicated on an independent contractual relationship between the employer and the third party. Id. Therefore, where such a relationship is alleged, the employer can be impled into a product liability action because that employer is no longer immune from liability. Id. See also, Cyphers v. Superior Valve Co., 3 CSCR 216, 218
(January 14, 1988, Flanagan, J.) (independent contract relationship is grounds for indemnification against an injured party's employer in a product liability action.)
In the instant case, the defendant's basis for its indemnification claim against the plaintiff's employer, the board, is the provision in the lease agreement for the classroom between the defendant and the board which provided that the board would maintain the defendant as an insured for liability claims. This court concludes that Arthur's motion to implead the board is based on an independent contractual agreement with the board to insure Arthur and not on any duty the board owes to its employee, Shores. Therefore, it is evident that the board is not immune from liability pursuant to the Worker's Compensation Act and Arthur can maintain its indemnification claim against the board. The motion to implead the board is therefore granted.
It is noted that Arthur also moves to implead Hartford. Shores did not raise an objection to impleading Hartford and the determination of that motion should be guided by the standards set forth in the impleader statute, General Statutes 52-102a; that is, whether granting such a motion will either unduly delay the proceedings or work an injustice on the plaintiff or the party sought to be impled. CT Page 1490
As no delay or injustice has been demonstrated, the motion to implead as to Hartford is also granted.
Teller, J.