[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT BAGEL CONNECTION INC'SMOTION TO STRIKE
In this case the plaintiff employee was working with a bagel dough dividing and forming machine and was injured by what he claims was a defect in the machine. He has sued the AM Manufacturing Co. (A.M.) which made the machine on a product Liability theory.
A.M. filed a motion to implead the Bagel Connection which is the plaintiff's employer.
Bagel Connection, the third party defendant, has filed a motion to strike on the grounds that A.M. has failed to allege the requirements of a common law indemnification claim including a CT Page 10637 sufficient allegation concerning the existence of an independent legal relationship between A.M. and the Bagel Connection.
In deciding a motion to strike the court is limited to the facts of the complaint and must read those facts in a way that is most favorable to the plaintiff, Amodio v. Cunningham, 182 Conn. 80,82 (1980).
A.M. alleges a cause of action for, indemnification against the Bagel Connection based on a theory of active-passive negligence. At common law no right of indemnity existed between joint tort feasors but an exception to this rule was noted in Kaplan v.Merberg Wrecking Corporation, 152 Conn. 405, 416 (1965). Kaplan
set forth four essential elements that must be established for finding a party is primarily negligent. If these are shown the secondarily negligent party can ask for indemnification from the primarily negligent party.
At least where as here the employer is protected by the Workers' Compensation Act an indemnification-action can be brought by the manufacturer defendant in a product liability case against the employer defendant if (1) the four elements of Kaplan are satisfied and (2) the party seeking indemnification, the manufacturer, establishes that that the alleged indemnor, the employer, owed the manufacture a duty based on an independent legal relationship, Atkinson v. Berloni, 23 Conn. App. 325, 327 (1990) interpreting Ferryman v. Groton, 212 Conn. 138, 144-145 (1989). The Ferryman holding was extended to product liability actions inThibeault v. Mark Industries, 8 CSCR 27 (1992), Shores v. ArthurIndustries, Inc., 8 CSCR 266 (1993).
Or to put the matter another way, the Workers' Compensation Act contains an exclusive liability clause protecting the employer from liability in tort because of injuries caused the worker by the employer's negligence. The protections afforded the employer can in effect be waived or found not, to apply to prevent an indemnification action by a third party against the employer if, as noted, the "employer can be said to have breached an independent duty towards the third party, or if there is a basis for finding an implied promise of indemnity," Ferryman v. Groton,
at 212 Conn. pp. 144-145. If that is the case the indemnification action can proceed and will be successful if under Kaplan the third party can for example, show the employer was actually negligent while the third party was passively negligent. CT Page 10638
There can be an explicit separate contractural relationship between the employer and the third party whereby the employer agrees to indemnify the third party for negligent or product liability injury to the employee. In such a case the employer waives its rights under the Workers' Compensation Act so it cannot rely on the exclusive liability clause. There is no allegation in this complaint that such an express contractural provision existed between employer and manufacturer.
In this case the manufacturer, A.M., seeks to establish a duty to indemnify based on an independent obligation owed it by the employer Bagel Connection by advancing two theories. In its complaint it alleges that Bagel Connection failed to properly instruct and train its employee in the proper use of the machine and allowed the machine to be used on such a way as to present a danger to the employee. Apparently A. M. claims this created an implied duty of indemnification by the employer to A.M.
The second theory is that the employer modified the machine thus making its operation dangerous to one in the employee's position. The employer becomes a co-manufacturer or co-designer and is not merely an employer entitled to the protections of the exclusive liability clause of the Workers' Compensation Act at least against a third party manufacturer seeking indemnity.
(1)
The implied agreement to indemnify theory would swallow the protections afforded employers under the exclusive liability clause of the Workers' Compensation Act. The courts and the authorities have generally recognized this and have rejected indemnification actions similar to the one now before the court brought by manufacturers against employers who claimed the employer's negligent use or lack of training in use of equipment helped cause the injury.
In Bertone v. Turco Products 252 F.2d 726, 730 (C.A. 3, 1958) the court said:
 "Thus even if the active-passive doctrine were otherwise accepted . . . it would not remove the bar to the assertion of remedies other than the compensation statute against the employer. That bar continues against the third party liable in tort who seeks contribution to that CT Page 10639 liability from the employer who, absent the bar of the statute, would also be liable in tort."
Commenting on Bertone it says in Volume 213 Larson's Workmen'sCompensation Law, § 76.84, p. 14-871.
 "But when a purchaser buys a product, does he (sic) make an implied contract with the manufacturer to use the goods in such a way as not to bring liability upon the manufacturer? This would be stretching the concept of contract out of all relation to reality. The court's approach to the matter assumed that the employer's duty to the manufacturer, if any, would have to be one based on relative negligence, and on that basis could not survive the exclusive liability clause."
Also see In re General Dynamics Asbestos cases 539 F. Sup. 1106,1110 (D.Conn. 1982). What I think all of this means is that if injury is caused to a worker by the combination of the fact that machinery used by the worker is defective and that his employer didn't train him how to use the machinery or had the machinery used in a dangerous way, there's no reason to conclude that the exclusive liability clause of the act shouldn't operate to protect the employer — how is this type of negligence any different from any other type of negligent activity by the employer that causes injury to the worker. On the other hand why should a manufacturer who puts defective products in the stream of commerce be allowed to escape liability when the very existence of Product Liability statutes and the remedies they provide underline the strong social policy against such activity. Courts are and should be reluctant to recognize "downstream indemnity" since it reverses the strict liability imposed on a manufacturer for injury to all users, of Royv. Star Chopper Co., Inc., 442 F. Sup. 1010, 1019 (D.R.I., 1977). I will not find an implied duty to indemnify by Bagel Connection to A.M. based on the facts of this case.
(2)
I also do not accept the co-manufacturer theory as a basis to find a duty of indemnification running from Bagel Connection to A.M. based on the facts of this case. It must be remembered that in the theory of liability on which this indemnification action is CT Page 10640 based A.M. is asserting the employer is primarily negligent. Even if Bagel Connection did modify this machine and that was negligent — active as opposed to the passive negligence of A.M. — that in itself doesn't mean Bagel Connection has achieved a non-employer status. The court in Kessler v. Bowie Machine Works, Inc.,501 F.2d 617, 622 cert. 8, 1974 succinctly dealt with this claim when it was used by a manufacturer as a basis for an indemnity claim against the employer:
 "We find no basis under South Dakota law for restricting the employer's immunity to some of his acts of negligence and not to others."
The co-manufacturer grounds for imposing a duty to indemnify a manufacturer by the employer despite the bar of the exclusive liability clause of the Workers' Compensation Act should have only a limited ambit given the important statutory policy expressed in that clause. Thus in Roy v. Star Chopper, supra the court held that the manufacturer would have a right to bring such an action where the employer-purchaser of the machinery not only had important responsibilities under the contract in assembling and designing it but also expressly represented that it would add certain safety devices aimed at preventing the injury on which the employee's suit was based, 442 F. Supp. at pp. 1019-1021. Even if it were held that the exclusive liability clause would protect the employer from common law suit by the employee in this situation, it could be argued that under this limited scenario the manufacturer should have an indemnification action against the employer. The third party action could be based on same theory of estoppel or on some extended notion of unjust enrichment. That is, if it was understood or agreed between the parties that the employer could assemble the machinery and install certain devices on it this presumably would have been reflected in a lower price to the employer to purchase the machinery. Under those circumstances it might be unfair not to hold that the employer had an implied duty to indemnify the manufacturer if the employer's action as regards the machinery and its assembly are found to be primarily responsible for the accident.
In any event the factual allegations that would properly raise such a co-manufacturer basis to avoid the bar of the exclusive liability clause and thus provide an independent duty to the third party to indemnify have not been presented in this complaint.
The motion to strike the third party complaint is granted. CT Page 10641
Thomas Corradino, Judge