[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO IMPLEAD
On October 25, 1995, the plaintiff, Christopher Peterson, filed a one count complaint against the defendants, Angelo Sabini, Joseph Sabini, John Sabini, and Louis Sabini, each of whom is an owner of Sabini Realty Company, for personal injuries he sustained while servicing heating and ventilation systems on the defendants' premises pursuant to a contract between the defendants and his employer, G P Air Conditioning. On or about June 12, 1996, the defendants filed a motion to implead George Calyanis and Paul Calyanis of G P Air Conditioning and Raymond Vorkel of D R General Contracting on the ground that they may be liable for all or part of the plaintiff's claims against the defendants.[1]
The plaintiff filed an objection to the motion on June 21, 1996, arguing that, since the pleadings are closed and the matter is approaching trial, allowing the proposed third party action(s) would unduly delay trial and work an injustice upon him. The plaintiff also argues that, as his employer, G P is immune from suit by operation of the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284.[2] In their reply memorandum, the defendants argue that Workers' Compensation exclusivity does not bar the third party action against G P because the defendants have pleaded that G P owed them an independent duty, pursuant to a contract between the parties, to maintain a safe worksite and to inspect the area for danger. The defendants also argue that they have a right to seek apportionment damages against the third parties, and that impleading them will neither unduly delay trial nor work an injustice upon the plaintiff since discovery has not yet been completed and no date certain has been set for trial.
 A.
Generally speaking, a motion to implead a third party "who is or may be liable to [a defendant] for all or part of the plaintiff's claims against him . . . may be granted by the court if, in its discretion, it deems that the granting of the motion CT Page 5284-T will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded." General Statutes § 52-102a (a); Practice Book § 117.
The plaintiff argues that because the pleadings in this matter are closed and the matter has been claimed to the trial list, granting the motion to implead would unduly delay trial by re-opening the pleadings and would work an injustice to the plaintiff by forcing him to wait for the pleadings to close. The plaintiff further argues that introduction of these additional parties into the lawsuit would confuse the jury and prejudice the plaintiff by possibly creating inconsistent jury verdicts.
The defendants argue, on the other hand, that since no date certain has been set for trial and discovery has not been completed, allowing them to implead the proposed third party defendants will not unduly delay trial of the action and will not work an injustice to the plaintiff. The court agrees that granting the motion to implead would not, at this stage of the case, work undue delay or an injustice to the plaintiff.
 B.
Although granting the defendants motion to implead in this case would not unduly delay trial nor work an injustice upon the plaintiff, the defendant may nevertheless be prevented from impleading G P by operation of the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284 (a).
"When a third party, in a suit by an employee, seeks recovery over against a . . . negligent employer, contribution or indemnification is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenants's express agreement to hold the third-party harmless, or a bailee's obligation to perform his work with due care[.]" (Footnote omitted; internal quotation marks omitted.) Ferryman v. Groton, 212 Conn. 138,144-45, 561 A.2d 432 (1989). CT Page 5284-U
The defendants argue that they have sufficiently pleaded, in their proposed third party complaint, that an independent legal relationship or an implied duty to indemnify existed between it and G P in that G P owed it a duty to maintain a safe worksite and inspect for dangerous conditions. According to the defendants, this independent duty arises from the underlying contract between the parties for the servicing of the defendants' heating and ventilation systems.
The court does not agree that such an independent duty existed. Although establishing that an implied promise to indemnify or an independent duty existed between proposed third party plaintiffs and those sought to be impleaded may overcome the workers' compensation exclusivity bar, courts have construed this exception very narrowly. Indeed, in cases with similar factual scenarios, courts have refused to permit third party actions against a plaintiff's employer unless it was clear that some independent legal duty was owed to the defendant by the employer. See Carolina v. Romel Iron Works, Superior Court, judicial district of New Haven, Docket No. 316233 (December 7, 1994, Fracasse, J.) (third party complaint against plaintiff's employer stricken). See also Carneiro v. Alfred B. King Co.,32 Conn. Sup. 210, 347 A.2d 120 (1975, Shea, J.) (plaintiff's employer could be impleaded where a bailment existed between it and the defendant); Stevens v. Polinski, 32 Conn. Sup. 96,341 A.2d 25 (1974, Shea, J.) (plaintiff's employer could be impleaded because it was a tenant of the defendant and breached specific terms of a lease); Shores v. Arthur Industries, Inc.,
Superior Court, judicial district of New London, Docket No. 517066 (February 10, 1993, Teller, J., 8 CSCR 266) (third party complaint against plaintiff's employer permitted where there was a lease between plaintiff's employer and defendant requiring employer to maintain defendant as an insured) Thibeault v. MarkIndustries, Superior Court, judicial district of Hartford, Docket No. 504396 (November 27, 1992, Dunn, J.) (third party complaint against plaintiff's employer permitted where defendant alleged a specific indemnification agreement existed pursuant to a lease between it and the employer). Cf. Therrien v. SafeguardManufacturing Co., 35 Conn. Sup. 268, 408 A.2d 273 (1979), aff'd., 180 Conn. 91, 429 A.2d 808 (1980); Roundtree v. AMManufacturing Company, Inc., Superior Court, judicial district of New Haven, Docket No. 338311 (September 27, 1995, Corradino, J.). The defendants argue that the underlying contract for services between themselves and G P gave rise to an CT Page 5284-V independent legal relationship or an independent duty to indemnify. However, in the first count of their proposed third party complaint, the defendants have alleged no more than simple negligence premised upon a duty which seems to have been owed to the plaintiff, not to the defendants. In the second count of their proposed third party complaint, the defendants make the bare allegation that G P breached a contract between them without pointing to any specific contractual provision which could arguably give rise to an independent duty.
The defendants have failed to allege facts sufficient to show the existence of an independent relationship between themselves and G P Air Conditioning. As such, they cannot avoid the exclusivity provision of the Workers' Compensation Act, General Statutes § 31-284 (a).
Based on the foregoing, the defendants' motion to implead is granted as to Raymond Vorkel (D R General Contracting) and denied as to George Calyanis and Paul Calyanis (G P Air Conditioning).
LAWRENCE L. HAUSER, JUDGE